IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| AMANDA BESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO.: |
| ) | |
| THE DENTAL SCHEDULING ) | |
| CENTER, INC., AND ) | |
| SMITH DENTAL CARE OF ATHENS, ) | **JURY TRIAL DEMANDED** |
| INC. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMPLAINT**

COMES NOW, Plaintiff Amanda Bess, by and through undersigned counsel, hereby files this Complaint showing the Court the following:

**PRELIMINARY STATEMENT**

1.

This complaint is for injunctive relief and money damages against Defendants The Dental Scheduling Center, Inc. and Smith Dental Care of Athens, Inc. (hereinafter "Defendants" collectively). Plaintiff's complaint is based upon Defendants' discrimination and retaliation against Plaintiff based on her race in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. §2000e, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., and 42 U.S.C. §1981.

**JURISDICTION AND VENUE**

2.

This Court has proper jurisdiction over the subject matter of this action under 28 U.S.C. §1331, as this action presents federal questions pursuant to Title VII, FMLA, and 42 U.S.C. §1981.

1

3.

All conditions precedent to invoke the jurisdiction of this Court under 42 U.S.C. §2000e have been satisfied.  A copy of the Right to Sue Letter issued by the EEOC is attached hereto as Exhibit A.

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because Defendants operates a business in this district and a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this district.

## PARTIES

5.

Plaintiff is a citizen of the United States and resident of Georgia. Plaintiff is an African American/black female.

6.

Defendant The Dental Scheduling Center, Inc. is a domestic corporation authorized to do business in the State of Georgia and maintains offices and does business in Hart County, Georgia. Defendant is an "employer" within the meaning of Title VII.  Defendant The Dental Scheduling Center, Inc. may be served through its registered agent, Charles M. Smith, at 259 Athens St, Hartwell, Georgia 30643.

7.

Defendant Smith Dental Care of Athens, Inc. is a domestic corporation authorized to do business in the State of Georgia and maintains offices and does business in Hart County, Georgia. Defendant is an "employer" within the meaning of Title VII.  Defendant Smith Dental Care of

Athens, Inc. may be served through its registered agent, Charles M. Smith, at 259 Athens St, Hartwell, Georgia 30643.

8.

Defendant The Dental Scheduling Center, Inc. is a dental practice employing more than 200 employees and are subject to Title VII and FMLA.

9.

Defendant Smith Dental Care of Athens, Inc. is a dental practice employing more than 200 employees and are subject to Title VII and FMLA.

**FACTS**

10.

On January 26, 2021, Plaintiff was hired by Defendants as an Eligibility and Verification Specialist in the Eligibility Department at a rate of $17.00 per hour.

11.

After 90 days, Plaintiff was eligible for a pay increase.

12.

Every Caucasian/white employee working in the Eligibility Department received a pay increase after working for 90-days.

13.

In May or June 2021, Plaintiff asked her supervisor(s) why she did not get a raise after 90-days.

14.

Plaintiff was told by her supervisor(s) that she was making "too much money" for her current position.

15.

Plaintiff continued to ask her supervisor(s) about a raise and was told that they would get back to her.

16.

In August 2021, Plaintiff grew frustrated by the lack of response by her supervisors and spoke directly with the CEO about her concerns regarding the reasons why she did not receive a pay increase.

17.

The CEO indicated he was unaware of others receiving raises after 90 days of employment.

18.

After speaking with the CEO, Plaintiff received her first disciplinary action for failing to follow the chain of command.

19.

Plaintiff did not receive her first pay increase until January 26, 2022, from $17.00 to $18.50 after working for Defendants for one year.

20.

In June 2021, Plaintiff's supervisor(s) requested that she change her scheduled work week.

21.

Plaintiff agreed to the change and switched from a Monday through Friday work week to a Sunday through Thursday work week.

22.

In December of 2021, Plaintiff applied for a lead position in the Eligibility Department.

23.

Plaintiff was interviewed and was told that she would not be hired for the position.

24.

To prevent the appearance of discrimination, Defendants allegedly hired an African-American/black female who had no previous experience in the Eligibility Department and was less qualified than Plaintiff.

25.

The individual who was allegedly "hired" into the lead position with the Eligibility Department continued to work in another department for Defendants.

26.

Defendants further discriminated against Plaintiff, by tasking Plaintiff with training the individual supposedly hired into the lead position.

27.

During the time Plaintiff was employed by Defendants, the individual had not taken over the duties for the lead position in the Eligibility Department.

28.

After Plaintiff was denied a promotion, Plaintiff was asked to be a part of the training process for new hires and managers.

29.

Despite the new training responsibilities, Plaintiff was not given a raise or any additional benefits due to her race.

30.

Plaintiff was performing the same functions as Caucasian/white managers in the Eligibility Department for less pay.

31.

In October or November 2021, Plaintiff was told that she was doing such a good job of being the go-to person in her department that she caught the attention of the CEO.

32.

Plaintiff was asked to come in on Saturdays, along with all the Eligibility Department managers, to help explain, train, and answer any additional insurance eligibility questions.

33.

Plaintiff agreed to come in on Saturdays to help with training, in hopes that she would receive a promotion or pay raise to match the Caucasian/white managers of the Eligibility Department.

34.

After working for several months as a *de facto* manager, but without the title or pay, in March of 2022, Plaintiff turned in a two week notice to her supervisor after obtaining a remote position with another company.

35.

Plaintiff's supervisor told Plaintiff that she "played a critical role in the Department" and that Defendants did not want her to leave.

36.

As an incentive, Defendants offered to match the pay offered by the other company.

37.

The morning following the offer, Plaintiff was approached by her supervisor(s) and pressured into remaining an employee of Defendants.

38.

Plaintiff agreed to stay as an employee of Defendants with the understanding that she would receive a pay increase.

39.

On March 20, 2022, Plaintiff received a "merit pay" increase from $18.50 to $21.00 per hour.

40.

In early April 2022, after Defendants let go of its cleaning crew, a cleaning rotation was implemented for employees of all departments, including the Eligibility Department.

41.

Plaintiff willingly participated with the rest of the office in keeping the office clean.

42.

Plaintiff's supervisor gave Plaintiff the job of cleaning toilets despite Plaintiff's protests that she found the task demeaning.

43.

None of the Caucasian/white managers were tasked with cleaning toilets.

44.

Plaintiff, who despite having the same job duties as the Caucasian/white managers, was still not considered a manager.

45.

In mid-to-late April 2022, Plaintiff suffered from a dental condition, which caused severe pain and swelling.

46.

While waiting for an appointment with a dentist employed by Defendants, Plaintiff called in sick for approximately a one-week period.

47.

While other employees were treated disparately in similar circumstances, Plaintiff received her second disciplinary action while she was out with severe dental pain for failing to timely put together training materials and training new hires.

48.

On April 24, 2022, Plaintiff attended an appointment with a dentist employed by Defendants.

49.

The dentist improperly performed extractions and procedures, which caused Plaintiff to seek additional care.

50.

Due to complications of the extractions and procedures performed, Plaintiff was referred to and sought treatment from an oral surgeon, not employed by Defendants, to finalize the procedure.

51.

Plaintiff was taken out of work completely by the oral surgeon from April 25, 2022, through April 30, 2022.

52.

During the period of April 25, 2022, through April 30, 2022, Plaintiff stayed in communication with her supervisor letting him know about the status of her condition.

53.

Plaintiff was not told of or otherwise offered FMLA during the time she was taken out of work by her oral surgeon.

54.

Plaintiff explained to her supervisor the errors committed by the dentist employed by Defendants, which required Plaintiff to seek an oral surgeon.

55.

Plaintiff requested instructions from her supervisor on the best method to obtain reimbursement for the out-of-pocket expenses she incurred due to the errors of the dentist employed by Defendants.

56.

In response to Plaintiff's inquiry, on April 27, 2022, while Plaintiff was still recovering from the oral surgery Plaintiff received a disciplinary action allegedly for conduct, insubordination, and performance issues between June 2021 – April 22, 2022.

57.

On May 2, 2022, upon her return to work, Plaintiff was wrongfully terminated, allegedly for performance, conduct, and insubordination.

58.

Plaintiff was wrongfully terminated in violation of Title VII, 42 U.S.C. §2000e et seq. an in violation of the Family and Medical Leave Act.

59.

Throughout Plaintiff's employment with Defendants, Plaintiff's supervisor(s) regularly and in a retaliatory manner made discriminatory comments about Plaintiff to her co-workers and new trainees.

## **COUNT I**
## **VIOLATION OF TITLE VII –DISCRIMINATION**

60.

Plaintiff is an "employee" and belongs to a protected class within the meaning of Title VII, 42 U.S.C. §2000e et seq.

61.

Defendants are an "employer" within the meaning of Title VII, 42 U.S.C. §2000e et seq.

62.

Defendants maintained a pattern and practice of unlawful racial discrimination and violated Plaintiff's rights to be free from such discrimination.

63.

The conduct of Defendants constitutes unlawful race discrimination.

64.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff.

65.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered significant harm, including emotional distress, mental anguish, inconvenience, loss of income and benefits, humiliation, and other indignities.

## COUNT II
## VIOLATION OF TITLE VII – RETALIATION

66.

Plaintiff engaged in activity protected under Title VII by reporting and complaining to management regarding the unfair treatment received.

67.

Defendants retaliated against Plaintiff for engaging in a protected activity by subjecting her to materially adverse job actions that may have dissuaded a reasonable person from making or supporting a charge of discrimination, including but not limited to verbally abusive behavior by Plaintiff's supervisor, unwarranted criticism and scrutiny of her job performance, alterations to her schedule, and her eventual wrongful termination in violation of 42 U.S.C. §2000e.

68.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff.

69.

As a direct and proximate result of Defendants' actions, Plaintiff has suffered significant harm, including emotional distress, mental anguish, inconvenience, loss of income and benefits, humiliation, and other indignities.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1981 – EQUAL PROTECTION

70.

Defendants maintained a pattern and practice of unlawful racial discrimination and violated Plaintiff's rights to be free from such discrimination.

71.

The conduct of Defendants constitutes unlawful race discrimination.

72.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff.

73.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered significant harm, including emotional distress, mental anguish, inconvenience, loss of income and benefits, humiliation, and other indignities.

## COUNT IV
## FMLA INTERFERENCE AND RETALIATION

74.

Plaintiff was an eligible employee for an FMLA-defined employer and had a serious health condition as defined by 29 U.S.C. §2611.

75.

FMLA requires employers to provide eligible employees with 12 workweeks of leave, on either a continuous or intermittent basis, during any 12-month period due to the employee's serious health condition. 29 U.S.C.A. § 2612.

76.

Plaintiff was eligible to take protected FMLA leave at the time she was wrongfully terminated, due to her serious medical condition.

77.

Defendants interfered with Plaintiff's FMLA rights by willfully failing to provide her with notification of her rights under FMLA after being put on notice of her need for medical leave.

78.

Plaintiff suffered from Defendants' interference in that she failed to receive FMLA leave time that would have protected her from wrongful termination.

79.

Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff.

80.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered significant harm, including emotional distress, mental anguish, inconvenience, loss of income and benefits, humiliation, and other indignities.

**PRAYER FOR RELIEF**

WHEREFORE, based on the above stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

A.  Back pay, front pay, and lost benefits.

B.  Compensatory damages to the extent allowed by law.

C.  Punitive damages.

D.  Liquidated damages.

E.  Plaintiffs for reasonable attorney's fees and costs incurred in connection with this action.

F.  Pre-judgment and post-judgment interest at the highest lawful rate.

G.  Such other equitable and monetary relief as this Court deems necessary or appropriate.

H.  A declaratory judgment that Defendants' actions violated Plaintiff's rights under Title VII, 42 U.S.C. §1981, and the FMLA.

This 27th day of July, 2023.

                              Respectfully submitted,

                              **BUCKLEY CHRISTOPHER & HENSEL, P.C.**

                              /s/ Timothy J. Buckley, III
                              TIMOTHY J. BUCKLEY III
                              Georgia State Bar No. 092913

2970 Clairmont Road N.E.     Attorney for Plaintiff
Suite 650
Atlanta, Georgia  30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com